[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant in the above action moves for summary judgment. The plaintiff objects to said motion. Both parties have briefed the issues presented by the motion.
The plaintiff claims that on September 19, 1994 she sustained personal injuries when a bench upon which she was sitting in the Superior Court building at 69 Brooklyn Street in Rockville collapsed, causing her to fall to the floor. The defendant denies that it was negligent.
The complaint alleges that the defendant was the owner of said property, and that the said property was leased to the State of Connecticut. The defendant admits this allegation.
The defendant, in its brief submitted in connection with this motion, asserts that it did not maintain or control the building which is the subject of this litigation. The plaintiff counters that even if this were to be the case the defendant would still be liable under the so called "public use exception" as indicated CT Page 12360 by Webel v. Yale University, 125 Conn. 515 (1939). The plaintiff further claims that the defendant did not have a valid lease with the State of Connecticut, and hence cannot take advantage of the proposition that where there is a valid lease the terms of the lease determine who is in control of the premises.
The defendant cites the case of Panaroni v. Johnson,158 Conn. 92, 99 for the proposition that where the written lease is clear and unambiguous the lease itself determines who is in control. The affidavit submitted by the defendant alleges that the defendant did not in fact "maintain or control the Court House" in September 1994. The addendum to the lease reflects that "on or after November 1, 1980 the lessor shall not be required to provide any maintenance or repairs to the premises, any equipment or fixtures on the premises, the building or any of its appurtenance".
The plaintiff takes the position however, that regardless of the provisions of the lease, and the actual activity or lack of activity of the defendant and the lessee, this action falls within the principals encompassed within the Public Use exception. This exception is first enunciated in the case ofWebel v. Yale University, 125 Conn. 515, 524 (1939).
 "The basis of liability in such a case is that . . . the landowner leases premises on which he knows or should know that there are conditions likely to cause injury to persons entering on them, that the fact that people will be invited upon the premises as patrons of the tenant, and that the landlord knows or should know that the tenant cannot reasonably expect to remedy or guard against injury from the defect."
Hence the first question of fact, which is not resolved by this motion or affidavit, is whether, when the lease was first entered into, or possibly on November 1, 1980 when the lessor turned over maintenance of the property to the lessee, whether the bench was in existence, and if so was it a part; of, a fixture of the leased premises. This question of fact is not addressed in the defendant's motion. The plaintiff alleges that it was a fixture. Further, was it a condition of the premises which was likely to cause injury. Again, that question is not addressed in this motion.
The plaintiff further claims that even if there was a CT Page 12361 document purporting to be a lease, it was not a legally binding lease between the purported lessee and lessor. This again is a question of fact. Should it be determined that there was no binding lease, then it may be that the possession of the State of Connecticut is that of a tenancy at sufferance. See Bridgeport v.Barbour-Daniel Electronics, Inc., 16 Conn. App. 574, 585 (1988). If so then the right to possession may extend no further than the period for which each rent period applies. Were this to be the case the extended principles of Weber v. Yale, supra, may be applicable as to the duty to repair at the commencement of each extended period of occupancy. See Corrigan v. Antupit,131 Conn. 71 (1944).
The pleadings set forth in this case involve questions of fact and of law which have not been resolved by the factual information submitted in connection with this motion for summary judgment.
The motion for summary judgment is denied.
L. Paul Sullivan, J.